UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW STETLER,           )
                          )
        Petitioner,       )
                          )    CAUSE NO. 3:17CV669-PPS
    vs.                   )
                          )
SUPERINTENDENT,           )
                          )
        Respondent.       )

OPINION AND ORDER

Andrew Stetler, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and 90-year sentence for child molestation by the Adams Circuit Court on December 27, 2011, under cause number 01C01-1007-FA-0008.[1] ECF 1 at 1. Habeas corpus petitions are subject to a strict one-year statute of limitations.[2] There are four

---

[1] Stetler's sentence was increased due to a finding that he is a habitual offender. ECF 1 at 1.

[2] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1

possible dates from which the limitation period can begin to run. Nothing in Stetler's petition indicates that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here. Thus, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of time to pursue direct review.

Here, Stetler took his direct appeal to the Indiana Supreme Court, which denied his petition to transfer on October 11, 2012. ECF 1 at 1. His limitation period to file in federal court began to run on October 12, 2012, but was tolled 225 days later, upon his filing of a post-conviction relief petition in State court on May 24, 2013.[3] ECF 1 at 2. He pursued his post-conviction relief petition all the way to the Indiana Supreme Court, which denied his petition to transfer on December 15, 2016. *Id.* The limitations period to file in federal court began to run again on December 16, 2016 and expired on May 4, 2017. However, Stetler did not sign his habeas corpus petition until August 17, 2017. ECF 1 at 11. Thus, it was more than three months late.

In response to question 9 (which asked him to explain why the petition is timely), Stetler argues that his habeas petition is timely because he has "always had something in

---

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] When necessary, the 1-year period of limitation is counted as (and divided into) days. *See Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick - with 12 days left on the 1-year meter.")

the courts until now, therefore starting up the clock (time frame) to conduct this paper work." ECF 1 at 11. Stetler is mistaken. While he did pursue his State court remedies, he had large gaps of time between (1) the conclusion of his petition to transfer his direct appeal and his filing of his post-conviction relief petition; and (2) the conclusion of his petition to transfer his post-conviction relief petition and the filing of his federal habeas corpus action. During those gaps, his time to file in federal court accrued and eventually expired. Thus, his petition is untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging petitioner to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

Accordingly:

(1) the petition (ECF 1) is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely;

(2) Andrew Stetler is **DENIED** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) Andrew Stetler is **DENIED** leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3); and

(4) the clerk is **DIRECTED** to close this case.

SO ORDERED.

Date: September 8, 2017

    /s/ Philip P. Simon
Judge
United States District Court